FILED
NOV 30 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-232 (RCL) |
| | : | |
| LUIS CARLOS ROPERO DIAZ | : | |
| a/k/a "SANTOS" | : | |
| | : | |
| Defendant. | : | |

Let this be filed
Royce C. Lamberth
U.S.D.J. 11/30/09

**PLEA AGREEMENT**

The United States of America, by and through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (hereinafter the "United States" or "government"), and LUIS CARLOS ROPERO DIAZ, a.k.a. "Santos," (hereinafter the "Defendant"), enter into the following agreement:

1. The Defendant agrees to plead guilty to count one of an Information filed in the above-referenced case, which charges the Defendant with conspiracy to manufacture and distribute five hundred grams or more of cocaine, intending and knowing that said cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 960, and 963, and 18 U.S.C. § 2.

2. The Defendant understands that the crime to which the defendant is pleading guilty carries a statutory minimum term of imprisonment of five (5) years and a maximum term of forty years' imprisonment, a fine not to exceed $2,000,000, and a period of supervised release of at least four (4) years.

3. The Defendant understands that the Court cannot place him on probation or suspend his sentence and that the Defendant is not eligible for parole.

4. The Defendant agrees to pay the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100) at the time of sentencing and that it shall be paid at the time of sentencing or as soon thereafter as possible.

5. The Defendant agrees to the Statement of Facts signed by him which is attached to this plea agreement and incorporated herein.

6. The Defendant acknowledges his responsibility for the conduct charged in count one of the Information and stipulates that the conduct charged in this count may be considered by the United States Probation Office (hereinafter the "Probation Office") and the Court in imposing sentence.

7. The Defendant and the Government agree that a sentence of **sixty-six (66) months** imprisonment is the appropriate sentencing range for the offense to which he is pleading guilty. The Government agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and imposes sentence within the specific sentencing range agreed upon by the parties, then the Court will embody in the judgment and sentence the

disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors, the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. The Defendant understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford the Defendant an opportunity to withdraw the plea, or, if the Defendant persists in the guilty plea, will inform the Defendant that a final disposition may be less favorable than that contemplated by this agreement. This agreement with respect to the appropriate sentence affects only incarceration. The otherwise applicable statutory and United States Sentencing Guideline ("Sentencing Guidelines") provisions are applicable to any fines or terms of supervised release that the Court may impose.

8.  The Defendant understands that the Court is not bound by the Sentencing Guidelines but must consult the Sentencing Guidelines and take them into account when sentencing the Defendant. *United States v. Booker*, 543 U.S. 220, 245 (2005). The Defendant understands that the sentence to be imposed is a matter solely within the discretion of the Court and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the

Defendant is pleading guilty. The Defendant understands that the Court has not yet determined the Defendant's sentence and that any estimate of the probable sentencing range that the Defendant may have received from any person, including his own attorney, is only a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The Defendant understands that the Court is not obligated to follow any sentencing recommendation from any person at the time of the Defendant's sentencing.

9. The Defendant agrees that, pursuant to Sections 1B1.3 and 2D1.1(c)(1) of the United States Sentencing Guidelines (hereinafter "Sentencing Guidelines" or "Guidelines"), the Defendant is accountable for the distribution of more than fifteen (15) kilograms but less than fifty (50) kilograms of cocaine, for which the base offense level without adjustments for the crime to which the defendant is pleading guilty is 34.

10. In calculating the Sentencing Guideline range, the Defendant agrees not to seek any adjustment to the Defendant's offense level pursuant to Chapter Three of the Sentencing Guidelines other than to seek an adjustment for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines, as described below in Paragraph 12. The United States will not seek any upward adjustment under Chapter Three of the Sentencing Guidelines.

11. Prior to sentencing, in consideration for the

4

Defendant's plea of guilty and contingent upon his complete and truthful rendition of facts to the Probation Office for the preparation of the Defendant's Pre-sentence Investigation Report, the United States will recommend that the Defendant be given a two-level credit for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. The Defendant understands that these guideline recommendations are not binding on the Court.

12. The Defendant agrees not to seek a downward departure pursuant to Chapter Five of the Sentencing Guidelines or any other decrease from the Defendant's otherwise applicable guideline range under the Sentencing Guidelines unless such departure or decrease is first recommended by the United States or the Probation Office in the Defendant's Pre-sentence Investigation Report. In addition, the United States agrees not to seek any upward departures under Chapter Five of the Sentencing Guidelines.

13. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines and reserves its right of allocution in this case. Subject to Section 1B1.8 of the Sentencing Guidelines, the United States reserves its right to bring its version of the facts of this case, including its file and any investigative reports, to the attention of the Probation Office in connection with the preparation of a Pre-sentence Investigation Report and to the Court. In addition,

pursuant to Section 1B1.8(a), the United States may use any statement(s) by the Defendant to determine the applicable guideline range.

14. The Defendant agrees to voluntarily forfeit to the United States and/or the Government of Colombia all property subject to forfeiture under 21 U.S.C. 853. Specifically, the Defendant agrees to forfeit and give to the United States his interest in any property in his possession or under his control that constitutes or is traceable to proceeds of his narcotics trafficking. The Defendant agrees to enter into a consent order of forfeiture and to fully assist the United States and Colombian governments in effectuating the surrender of the forfeited assets, and to take whatever steps are necessary to ensure that clear title thereto passes either to the United States or the Government of Colombia. The Defendant agrees not to file a claim or assist others to file a claim to any of the forfeited assets in any administrative or judicial proceeding. If any third party, other than a *bona fide* innocent third party, files a claim to a litigation in the United States or Colombia regarding the properties which the Defendant identified are subject to forfeiture, the Defendant will assist the governments in defending the forfeiture action. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of such assets, and waives all constitutional, statutory, and equitable defenses to the forfeiture of such assets.

15. The Defendant agrees to be held without bond until sentencing and agrees not to oppose detention.

16. The Defendant represents to the Court that no threats have been made against him and he is pleading guilty freely and voluntarily because he is in fact guilty.

17. The Defendant represents to the Court that the Defendant is fully satisfied with the legal advice, guidance and representation he has received from his attorney.

18. The government agrees that the Defendant should be given credit for any time the Defendant was incarcerated in Colombia upon his arrest in this case and prior to his extradition to the United States.

19. This plea agreement represents the entirety of the terms and conditions of the agreement between the Defendant and the United States. No agreements, understandings, promises, representations or conditions exist other than those contained in this Plea Agreement. No other agreements, understandings, promises, representations or conditions or changes to this Plea Agreement may be made or entered into unless in writing and signed by the parties.

20. This plea agreement supersedes all prior understandings, promises, agreements or conditions, if any, between the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice and the Defendant.

7

21. This plea agreement binds only the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice. It does not bind any other federal, state or local authorities.

```
                              Paul M. O'Brien
                              Chief
                              Narcotic and Dangerous Drug Section
                              Criminal Division
                              United States Department of Justice

 11/30/09
 --------                 By: /s/ Donnell Turner
 Date                         Donnell Turner
                              Stephen Sola
                              Trial Attorneys
                              Narcotic and Dangerous Drug Section
                              Criminal Division
                              United States Department of Justice
```

## DEFENDANT'S ACCEPTANCE

I have consulted with my counsel and fully understand my rights with respect to the indictment pending against me and the Sentencing Guideline provisions which apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea Agreement and I voluntarily agree to it.

_/s/ Luis Carlos Ropero Diaz_  11/30/09
LUIS CARLOS ROPERO DIAZ           Date
Defendant

## COUNSEL'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant the Defendant's rights with respect to the pending indictment and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

_/s/ Joseph Conte_                11/30/09
Joseph Conte, Esq.                Date
Attorney for Defendant