**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 1:06-cr-00232-03 (RCL) |
| ) | |
| LUIS CARLOS ROPERO-DIAZ ) | |
| _____) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

COMES NOW, counsel for Luis Carlos Ropero-Diaz, Joseph Conte, 400 Seventh Street, N.W., Suite 400 Washington, D.C. 20004 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court accept the defendant's Rule 11(c)(1)(C) plea and impose a sentence that will result in a total of 66 months incarceration.[1]

**IMPOSITION OF SENTENCE**

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)." In this case a sentence of 66 months would comply with the purposes of sentencing.

Mr. Diaz pleaded guilty in this case to Conspiracy to Manufacture and Distribute 500 Grams or More of Cocaine Knowing and Intending that the Cocaine Would be Imported Into the United States in violation of 21 U.S.C. §§959, 960 and 963, a Class B felony which carries a minimum term of imprisonment of five (5) years a maximum sentence of imprisonment of forty (40) years, up to a $2,000,000.00 fine, up to four years supervised release and a $100.00 special assessment. In this matter Mr. Diaz has entered a plea agreement with the United States under

---

[1] The plea agreement, paragraph 7, stipulates that a sentence of 66 months is the appropriate sentence in this case. However, in paragraph 18 of the plea agreement the government agreed that Mr. Diaz be given credit for the nearly twelve (12) months that he was incarcerated in Colombia awaiting extradition to the United States.

SENTMEMO.CH.wpd 241516Z FEB 10                    1

Federal Rule of Criminal Procedure 11(c)(1)(C) with both parties stipulating that 66 months imprisonment is the appropriate sentence in this case.[2]

In determining the sentence to be imposed this court must consider the §3553(a) factors. Those factors are listed below with the facts supporting a sentence of 66 months.

**A.      The Nature and Circumstances of the Offense.**

This is a cocaine importation offense. The country of Colombia is the source country for the overwhelming majority of cocaine imported into the United States. According to International Monetary Fund estimates, in 2007 Colombia's nominal GDP was US$202.6 billion (37th in the world and fourth in South America). Adjusted for purchasing power parity, GDP per capita stands at $7,968, placing Colombia 82nd in the world. However, in practice this is relatively unevenly distributed among the population, and, in common with much of Latin America, Colombia scores poorly according to the Gini coefficient[3], with UN figures placing it 119th out of 126 countries. In 2003 the richest 20% of the population had a 62.7% share of income/consumption and the poorest 20% just 2.5%, and 17.8% of Colombians live on less than $2 a day. Given the disparities of income people turn to the illegal trade in cocaine in order to survive.

Exacerbating the poor economic conditions in Colombia the country is also plagued by the effects of the drug trade, guerrilla terrorist insurgencies like the Revolutionary Armed Forces of Colombia (FARC), and paramilitary groups such as the United Self-Defense Forces of Colombia (AUC). These organizations have been known to coerce the citizens of Colombia into the drug trade.

---

[2]But see, Footnote 1 *supra.*

[3]The Gini coefficient is a measure of statistical dispersion developed by the Italian statistician Corrado Gini and published in his 1912 paper "Variability and Mutability" (Italian: Variabilità e mutabilità). It is commonly used as a measure of inequality of income or wealth.

SENTMEMO.CH.wpd 241516Z FEB 10                 2

**B.     History and Characteristics of the Defendant.**

The defendant is 40 years old. He was born in Bacaramanga, Colombia with eight (8) siblings. His parents are both deceased and died while in the captivity of the Revolutionary Armed Forces of Colombia. Two of his brothers have been murdered by the FARC.

Mr. Diaz had a relationship with Maria Nancy Osorio-Bello and three children were born of this relationship. Mr. Diaz has advised that they were kidnaped by the FARC and he has been told they will only be released when he is killed. Since the disappearance of Ms. Osorio-Bello Mr. Diaz has had a relationship with Carmelina Pardo Parra and he has two children by her.

Mr. Diaz has never attended a single day of school in his life. Throughout his life he supported himself and his families as a day laborer. Mr. Diaz began working for Jamie Medina solely to survive and feed his wife and children.

**C.     The Need for the Sentence imposed –**

**1.     To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

A sentence of 66 months is a serious sentence. A negotiated sentence where an individual agrees to accept 66 months imprisonment places that individual in the position where he recognizes that his conduct was serious and deserves extended imprisonment.

**2.     To afford Adequate Deterrence to Criminal Conduct.**

Based on undersigned counsel's contact with the defendant counsel believes that Mr. Diaz will not again become involved in the Colombian drug trade. The defendant has now been separated from his home and family in excess of two years. Since his arrival in the United States over a year ago he has had no contact with his family.

**3.     To Protect the Public from Further Crimes of the Defendant.**

As indicated above there is little likelihood of future misconduct by this defendant.

**4. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Mr. Diaz has begun taking English language classes while incarcerated. The ability to speak English may increase his chances for employment when he returns to Colombia. Mr. Diaz is in need of dental care while incarcerated.

**D.  The Kind of Sentences Available.**

*United States v. Booker*, 543 U.S. 220 (2005) has made the Federal Sentencing Guidelines advisory. In so doing the court must start by "correctly calculating the applicable guidelines range." *Gall v. United States,* 128 S.Ct. 586, 596 citing *United States v. Rita*, 127 S.Ct. 2456 (2007). ". . . the Guidelines should be the starting point and the initial benchmark. "The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553 factors to determine whether they support the sentence requested by the party. *Id* at 596. Thus if this court finds that factors warrant a sentence shorter than suggested by the guidelines the court is free to impose a shorter sentence. In this matter both parties have agreed that 66 months is the appropriate sentence. This agreement recognizes the extent of the defendant's participation in the offenses, his age, background, education, the timeliness of his plea and acceptance of responsibility.

**E.  The Kinds of Sentence and the Sentencing Range Established By the Guidelines.**

The sentencing range established by the guidelines for this offense is 151-181 months. Although the stipulated sentence of 66 months is below the guideline range the stipulated

SENTMEMO.CH.wpd 241516Z FEB 10                 4

sentence recognizes all of the §3553 factors as well as the positions of both parties as to what the appropriate sentence should be.

### F. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who have Been Found Guilty of Similar Conduct.

The co-defendants in this matter have all entered Rule 11(c)(1)(C) agreements in this case each of which recognizes the level of participation of each defendant in this offense. Mr. Diaz' 66 month sentence recognizes his relative position *vis-â-vis* his co-defendants.

### CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996). The defendant's case is unique and his involvement in it is recognized by the stipulated sentence of 66 months. This court should accept the Rule 11(c)(1)(C) plea and impose the 66 month sentence.

Respectfully submitted,

   /s/ *Joseph R. Conte*
Joseph R. Conte, Bar #366827
Counsel for Luis Carlos Ropero-Diaz
400 Seventh St., N.W.
Suite 400
Washington, D.C. 20004
Phone:     202.638.4100
FAX:       202.628.0249
E-mail:    dcgunlaw@gmail.com

SENTMEMO.CH.wpd 241516Z FEB 10            5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was served by ECF to all counsel of record this 24th day of February 2010.

           /s/ *Joseph R. Conte*
Joseph R. Conte, Bar #366827
Counsel for Luis Carlos Ropero-Diaz
400 Seventh St., N.W.
Suite 400
Washington, D.C. 20004
Phone:     202.638.4100
FAX:        202.628.0249
E-mail:     dcgunlaw@gmail.com