# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CRIMINAL NO. 06-232-RCL |
| LUIS CARLOS ROPERO DIAZ<br>a.k.a. "Santos," | : | |
| Defendant. | : | |

## **GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

### Introduction

The United States of America (hereinafter "the United States" or "the Government"), by and through its attorney, the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice, respectfully submits this memorandum in aid of the sentencing of defendant Luis Carlos Ropero Diaz (hereinafter "the defendant"). On November 30, 2009, the defendant pleaded guilty to a Superseding Indictment charging him with conspiracy to manufacture and distribute five hundred (500) grams or more of cocaine, knowing and intending that the cocaine would be imported into the United States, in violation of 21 U.S.C. §§ 959, 960, and 963. The parties agreed that the defendant was accountable for at least fifteen (15) kilograms but less than fifty (50) kilograms of cocaine, which results in a Base Offense Level under the United States Sentencing Guidelines ("Sentencing Guidelines" or "USSG") of 34. The parties further agreed that a sentence of sixty-six (66) months' incarceration was an appropriate sentence in this case, and thus presented the plea agreement to

1

the Court for its approval, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

On or about January 26, 2010, a Pre-Sentence Investigative Report ("PSR") was completed. The PSR writer calculated the defendant's Total Offense Level to be 34, which is based upon the PSR writer's determination that the defendant should receive a two-point increase for his role in the conspiracy as a manager or supervisor, pursuant to section 3B1.1(c) of the Sentencing Guidelines, and a two-point reduction for acceptance of responsibility, under section 3E1.1(a) of the Sentencing Guidelines. These calculations result in a corresponding Sentencing Guideline range of 151 to 188 months' incarceration.

In the defendant's Receipt and Acknowledgment of the PSR, counsel for the defendant made several objections to the PSR writer's calculations, including her determination that the defendant was a manager or supervisor in the drug conspiracy. In addition, counsel contended that the defendant played but a minor role in the conspiracy, thus, rather than increase the defendant's offense level under section 3B1.1(c), his guideline range should be reduced by two levels under USSG section 3B1.2(b). Finally, counsel asserted that because the defendant's role was not that of a manager or supervisor, he meets the criteria for "safety valve" under USSG section 2D1.1(b)(11). However, for all the foregoing reasons, the defendant's objections are without merit. Consequently, this Court should adopt the PSR writer's calculations. Moreover, the Government respectfully requests that the Court sentence the defendant in accordance with the plea agreement reached by the parties.

## Discussion

**1. Defendant's Objection to His Role as Manager or Supervisor Under USSG §3B1.1(c) is Meritless.**

With regard to the PSR writer's determination that the defendant's role in the conspiracy was that of a manager or supervisor, counsel for the defendant claimed that "Mr. Diaz was not responsible for managing the cocaine laboratories for [Jaime] Medina." See Defendant's Receipt and Acknowledgment Attachment, at 1 (hereinafter "R&A Attachment"). However, this response by defense counsel directly conflicts with the Statement of Facts that the defendant agreed to and signed in support of his guilty plea. In the Statement of Facts, it plainly states that the defendant "was <u>chiefly responsible</u> for managing the cocaine laboratories for Jaime Medina." See Statement of Facts in Support of Defendant's Entry of Guilty Plea, at 3 [Dkt. 271] (hereinafter "SOF"). Moreover, defense counsel further tried to characterize the defendant's involvement in the conspiracy as "nothing more than a factotum of Jaime Medina . . . . He would pick up and/or deliver chemicals as directed by Mr. Medina or would perform other <u>menial</u> tasks as directed by Mr. Medina." See R&A Acknowledgment, at 1 [Dkt. 307-2]. However, to the contrary, the SOF explains that, in his capacity as manager of Jaime Medina's laboratories, the defendant "interacted with suppliers of precursor chemicals to ensure that Medina's cocaine laboratories were appropriately stocked with the necessary chemicals and supplies," and also "interacted with customers who sought to purchase large loads of cocaine that were processed at Medina's laboratories." See SOF, at 3. Therefore, defense counsel's challenge to the determination that the defendant's role in the conspiracy was that of a manager or supervisor within the meaning of USSG §3B1.1(c) is undermined by the defendant's own acknowledgement in the SOF that he was a manager of Jaime Medina's laboratories.

Other evidence which supports the PSR writer's determination that the defendant acted as a manager of Jaime Medina's laboratories, includes a telephone recording in which the defendant himself tells an individual (identified by Colombian law enforcement authorities as "Raton") in code that he is searching for a location to set up a new cocaine laboratory for the Medina organization, and that, with Medina's permission, he (the defendant) would "manage it along with another man." See Exhibit 1, attached hereto. In addition, significantly, one of the defendant's co-conspirators, who pleaded guilty in late 2009 to participating in the drug conspiracy along with the defendant, Jaime Medina, and others, has stated on at least two occasions that the defendant was Jaime Medina's closest confidante, managed Medina's laboratories, and supervised approximately eighteen to twenty workers who worked in the laboratories and prepared the cocaine for sale.[1] Thus, in light of all the foregoing, the defendant's objection to the PSR writer's determination that the defendant role warrants a two-level increase as a manager or supervisor in the offense of conviction should be rejected by the Court.[2]

---

[1] This co-conspirator, who has been cooperating with the Government and was prepared to testify against his co-defendants had the case proceeded to trial, and is willing to testify regarding the defendant's role in the conspiracy, if the Court wishes him to do so. The Government also will make available for the Court for in camera inspection the notes of the interviews in which this cooperator described the defendant's role in the conspiracy.

In asserting that the defendant's role was "menial," defense counsel further asserts that he believes the Government has debriefed individuals involved in the conspiracy, who have characterized the defendant's role as minor and not that of a manager or supervisor. See Dkt. 307-1. The Government acknowledges that, during an off-the-record proffer session with one of the co-defendants, he described the defendant's involvement in the conspiracy as a "chauffeur." However, later during that same interview, the co-defendant admitted that he and the defendant communicated with each other about the purchase of precursor chemicals and the preparation of large quantities of cocaine for sale. The Government will likewise make these interview notes available for an in camera inspection.

[2] For all the same reasons, the defendant's contention that he should receive a minor role pursuant to USSG §3B1.2(b) should be denied. Indeed, even if the defendant's role were not determined to be that of a manager or supervisor within the meaning of §3B1.1(c), he cannot be described as a participant in the offense who was "less culpable than most other participants, but whose role could not be described as minimal." See USSG §3B1.2(b), application note 3; United States v. Edwards, 98 F.3d 1364, 1370 (D.C. Cir. 1996) (to grant a reduction for minor

4

## 2. The Defendant is Ineligible for "Safety Valve" Relief Pursuant to §2D1.1(b)(11).

As a result of the fact that the defendant's role was that of a manager or supervisor within the meaning of §3B1.1(c) of the Sentencing Guidelines, the defendant fails to qualify for "safety valve" relief within the meaning of USSG §2D1.1(b)(11). See also USSG §5C1.2(a)(4). However, even assuming, *arguendo*, that the defendant did not fall within the classification of a manager or supervisor under §3B1.1(c), he still fails to meet the requirement set forth under §5C1.2(a)(5), which provides that no later than the time of sentencing, the defendant must truthfully provide to the Government all information and evidence he has concerning the conspiracy. The defendant has not provided any information to the Government regarding his or other conspirators' role in the conspiracy prior to the time of sentencing, nor has he attempted to do so. In fact, prior to his entry of a guilty plea in this case, the defendant repeatedly refused to meet with the government for an "off-the-record" proffer, which the Government hoped would facilitate an earlier plea in the case. Finally, defense counsel's February 18, 2010, letter to the Government, in which he states that the defendant is now "willing to meet with [the Government] at any time to fulfill [the safety valve] requirement," is unreasonable given the date of the sentencing hearing. Therefore, the defendant's argument that he is safety valve eligible should be rejected for both of these reasons.

---

role under the Sentencing Guidelines, the sentencing court must find that the relevant conduct for which the defendant is held accountable involved more than one person, and that the defendant's culpability was relatively minor compared to that of the other participants). Because the defendant has failed to demonstrate how his culpability in the convicted offense was relatively minor compared to that of his co-conspirators, his contention is wholly without merit.

5

## Conclusion

For all the foregoing reasons, the Government respectfully requests that the Court reject the defendant's objections to the PSR writer's calculations, and, in accordance with the terms reached by the parties and submitted to the Court for its approval, sentence the defendant to sixty-six (66) months' incarceration.

Respectfully submitted,

Wayne C. Raabe, Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By: *[signature]*

Donnell W. Turner
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., 8th Floor
Washington, D.C. 20530
Tel:    (202) 307-5977
Email: Donnell.Turner@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent, via the ECF system, to counsel of record for the defendant, Joseph Conte, Esquire, this 25th day of February, 2010.

Donnell W. Turner